J-S63015-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAMON JONES, | : | |
| | : | |
| Appellant | : | No. 415 EDA 2015 |

Appeal from the Order January 27, 2015,
Court of Common Pleas, Delaware County,
Criminal Division at No. CP-23-CR-0000331-1997

BEFORE:  DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED NOVEMBER 12, 2015**

Appellant, Damon Jones ("Jones"), appeals from the order entered on January 27, 2015 by the Court of Common Pleas, Delaware County, denying his motion to reopen and vacate order/sentence.  For the reasons set forth herein, we affirm.

Based upon the nature of the issues raised herein, it is not necessary to review the factual history giving rise to this appeal.  Procedurally, on March 23, 1998, Jones was convicted of two counts of robbery, four counts of aggravated assault, criminal conspiracy, possessing a firearm without a license, two counts of attempted homicide, theft by unlawful taking, and simple assault.[1]  On April 20, 1998, the trial court sentenced Jones to an aggregate term of twenty-five to fifty years of imprisonment.  On April 23,

_____
[1] 18 Pa.C.S.A. §§ 3701(a)(2), 2702(a), 903(a)(1), 6106(a), 901(a), 3921(a), 2701(a).

1999, this Court affirmed the judgment of sentence, and on November 24, 1999, our Supreme Court denied Jones' petition for allowance of appeal. On September 25, 2000, Jones filed a pro se petition for relief pursuant to the Post-Conviction Relief Act ("PCRA"),[2] which the trial court denied on February 16, 2001 without a hearing. On March 6, 2001, Jones filed a timely notice of appeal, but on May 20, 2002, a panel of this Court affirmed the trial court's order.

On November 17, 2014, Jones filed a pro se petition titled, "Motion to Reopen and Vacate Order/Sentence," claiming that his sentence was unconstitutional based upon the holdings in **Alleyne v. U.S.**, 133 S.Ct. 2151 (2013)[3] and **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014).[4] On January 28, 2015, the trial court denied Jones' motion, concluding that Jones had filed an insufficient pleading pursuant to 42 Pa.C.S.A. § 5505, and even if Jones' pleading was sufficient, it would be denied as the decisions in **Alleyne** and **Newman** were not to be applied retroactively in cases on collateral review. The trial court further stated that if Jones' motion was to

---

[2] 42 Pa.C.S.A. §§ 9541-46.

[3] In **Alleyne**, the United States Supreme Court held that facts that increase mandatory minimum sentences "must be submitted to the jury and found beyond a reasonable doubt." **Alleyne** 133 S.Ct. at 2155.

[4] In **Newman**, a panel of this Court concluded "that a challenge to a sentence premised upon **Alleyne** [] implicates the legality of the sentence and cannot be waived on appeal." **Newman**, 99 A.3d at 90.

be treated as a PCRA petition, he would not be entitled to relief as it was untimely and failed to satisfy any exception to the timeliness requirement.

Jones timely filed a pro se notice of appeal to this Court on February 5, 2015. On appeal, Jones presents the following issue for our review:

> 1. Is Jones' mandatory minimum unconstitutional and Jones entitled to be resentenced without mandatories?

Jones' Brief at 4.

In addressing Jones' appeal, we are mindful that "the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." **Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa. Super. 2007) (quoting **Commonwealth v. Johnson**, 803 A.2d 1291, 1293 (Pa. Super. 2002)). Thus, although Jones titled his petition for relief as a motion to reopen and vacate order/sentence, his petition for relief must be treated as a PCRA petition.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's findings of fact, and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31 A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005), *appeal denied*, 42 A.3d 1059 (Pa. 2012)). A PCRA petitioner must establish the claim by a preponderance of the evidence. **Commonwealth v. Gibson**, 925 A.2d 167, 169 (Pa. 2007).

Before reaching the merits of a petitioner's claim, section 9545 of the PCRA requires that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

This Court has held that the timeliness requirement of the PCRA is "mandatory and jurisdictional in nature." **Commonwealth v. McKeever**, 947 A.2d 782, 784-85 (Pa. Super. 2008) (citing **Commonwealth v. Davis**, 916 A.2d 1206, 1208 (Pa. Super. 2007)). "Because these timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." **Commonwealth v. Peterson**, 2015 WL 6394216, at *2 (Pa. Super. Jan. 30, 2015) (quoting **Commonwealth v. Lopez**, 51 A.3d 195, 196 (Pa. 2012)).

Although the timeliness requirement is mandatory and jurisdictional, "an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met."

*Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). The

three exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at n.1 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)). The petition invoking

an exception "shall be filed within 60 days of the date the claim could have

been presented." *Commonwealth v. Perrin*, 947 A.2d 1284, 1285 (Pa.

Super. 2008) (citing 42 Pa.C.S.A. § 9545(b)(2)).

In this case, a panel of this Court affirmed Jones' judgment of

sentence on April 8, 1999. Our Supreme Court denied Jones' petition for

allowance of appeal on November 24, 1999. Thus, Jones' judgment of

sentence became final on February 22, 2000, ninety days after our Supreme

Court denied his petition for allowance of appeal.[5]  Jones did not file the

---

[5] *See Commonwealth v. Feliciano*, 69 A.3d 1270, 1275 (Pa. Super. 2013) ("under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of

instant petition until November 17, 2014. Because Jones did not file the petition until nearly fifteen years had passed after the judgment of sentence became final, his petition is facially untimely.

This Court has held that "[a]lthough a legality of sentence claim cannot be 'waived,' the claim must be presented in a timely PCRA petition to obtain post-conviction collateral relief." **Commonwealth v. Carlson**, 2015 WL 6108198, at \*2 (Pa. Super. Oct. 15, 2015) (citing **Commonwealth v. Seskey**, 86 A.3d 237, 241 (Pa. Super. 2014), *appeal denied*, 101 A.3d 103 (Pa. 2014)). Thus, in order to overcome the untimeliness of his petition, Jones must have established that one of the three exceptions to the timeliness requirement. Jones, however, did not invoke any of the three exceptions. As a result, we are without jurisdiction to address the merits of his claim and his petition must be dismissed.

Moreover, even if Jones had attempted to invoke one of the three exceptions, he would not be entitled to relief. First, Jones did not present an allegation that a government official interfered with Jones' ability to raise an **Alleyne** claim to satisfy the first timeliness exception. Second, this Court has concluded that "**Alleyne**, a judicial decision, is not a 'fact' that satisfies Section 9545(b)(1)(ii)." **Commonwealth v. Pisciotta**, 2015 WL 6021047, at \*3 (Pa. Super. Oct. 15, 2015). Finally, with regard to the third timeliness

---

appeal since petitioner had ninety additional days to seek review with the United States Supreme Court.").

exception, this Court has held that **Alleyne** does not apply retroactively to claims on post conviction collateral review. **Commonwealth v. Riggle**, 119 A.3d 1058 (Pa. Super. 2015); **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014). Accordingly, we conclude that the trial court did not err in denying Jones' motion for relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/2015